CHARLTON BURGETT V. STATE

No. 28,042. March 7, 1956.

Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 2, 1956

*E. T. Yates,* Brownsville, *Charles A. Keilin* and *Heidings-felder & Daniel,* Houston, for appellant.

*F. T. Graham,* Criminal District Attorney, Brownsville, *Darrell B. Hester,* Assistant Criminal District Attorney, Harlingen, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for aggravated assault upon the deceased by striking him with his fist and inflicting upon him serious bodily injury under an indictment charging murder, and his punishment was assessed at two years in jail and a fine of $1,000.

It was shown by the state that the appellant and his ten-year-old daughter resided in a cabin at a tourist court in the city of Brownsville. The deceased, Arthur Turnbul, and Harry Walker lived in an adjoining cabin. In Walker's absence, appellant, about 1 P.M., obtained Turnbul's permission to use Walker's car to go to Matamoros. In Matamoros appellant visited the red light district where he was "rolled" and his money stolen; something happened to the car and the police took charge of it; and he returned by taxi to his cabin at the tourist court. Walker demanded of appellant the return of his car, and Turn-

bul denied giving appellant his permission to use it. The deceased struck appellant after a bitter argument between them and then an officer ordered each of them to his own cabin, and Walker then left with the policeman to sign a complaint against the appellant for theft of the car. After they left, appellant soon returned to the deceased's cabin where one of them was heard to say, "I am going to beat hell out of you," and then they started fighting and the sound of a number of blows were heard. At this time, appellant's daughter called him from their cabin to return, and he answered, "In a minute," and he soon returned and retired.

It was further shown that immediately after the difficulty the deceased was found unconscious and sitting in a chair in his cabin; that he had a paresis or incomplete paralysis over the entire right side of the body; that his head and neck were severely contused; and that his death was caused by trauma or a blow or blows to the head.

Appellant, while testifying, stated that he left Brownsville about 3 P.M., and among other places, visited the red light district in Matamoros which he left before dark; that he lost his money; that the police dispossessed him of his car in Matamoros and he returned in a taxi to his cabin. Upon his failure to return the car, Walker called the police and later went with them to sign a complaint. After they left, deceased called appellant to his cabin and told him that "he was going to beat hell out of him;" knocked him down, jumped on him with his knees; that he struck the deceased and knocked him into a chair, and the deceased kicked him, and that he hit the deceased again, and he further testified that "It was nothing more than a fist fight between two old men."

We find the evidence sufficient to sustain the verdict of the jury.

By Bill of Exception No. 1, appellant complains of the following argument by the state's attorney to the jury: "That on the afternoon of the day in question the defendant spent several hours in a house of prostitution in Matamoros, Mexico," on the ground there was no evidence to support such statement.

The bill shows that the defendant went to the red light district in Matamoros sometime after 3 P.M. and stayed over in "Boystown" until about dark, and "it was made manifest by

the defendant in his testimony that red light district of Matamoros, Mexico, is also known as and called Boystown."

We conclude that the argument was a reasonable deduction from the evidence before the jury. Hence no error is shown.

Appellant's contention that the punishment is excessive cannot be sustained. The punishment assessed is within the limits prescribed by law, which precludes the necessity of further consideration by this court. 12 Tex. Jur. 804, Sec. 410; Palomo v. State, 157 Tex. Cr. R. 442, 249 S.W. 2d 210.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.