John Baptist PRICE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 43140, 43141.

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

---

**2.** See LaRue v. State, 149 Tex.Cr.App. 598, 197 S.W.2d 570; Cagle v. State, 147 Tex.Cr.R. 354, 180 S.W.2d 928.

Preston DeShazo, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and E. A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was charged by separate informations for the offenses of false imprisonment and aggravated assault arising out of the same transaction. He was tried for both offenses at the same time before the same jury. The jury returned a verdict of guilty, first, of false imprisonment and, secondly, of aggravated assault. In that same order the jury assessed punishment at one year in the county jail for false imprisonment and two years in the county jail plus a $1000.00 fine for aggravated assault.

Although appellant does not challenge the sufficiency of the evidence, the following summary of facts will be beneficial to an understanding of the cases.

On May 23, 1969, at approximately 10:30 p. m., Carol Winter Shields was looking for a parking place at Fleetwood Square on Maple Avenue in Dallas. Appellant jumped in her car from the right side, put a knife to her throat and said: "Do you want to live?" He directed her to drive a short distance during which time he placed the knife under her skirt and cut her hose. He then had Mrs. Shields park, kissed her twice, and told her to get in the back seat. Noises and voices were heard and appellant told her to start the car and leave. He placed his left arm around her neck and put the knife in his left hand. As the appellant was looking at and trying to remove a ring from her right hand, Mrs. Shields saw a stopped police car with its lights flashing. She turned toward the police car, screamed and stopped. The officers immediately got Mrs. Shields out of her car and arrested the appellant. She

testified that all these events took place within a period of about ten or twelve minutes.

■ Appellant contends his punishment in each case constituted cruel and unusual punishment in violation of the United States and Texas Constitutions. The jury assessed the maximum punishment for both false imprisonment, Article 1174, Vernon's Ann.P.C., and for aggravated assault, Article 1148, Vernon's Ann.P.C. The punishment was within the range provided for in the statutes and was not excessive. See Burton v. State, Tex.Cr.App., 442 S.W.2d 354. Burgett v. State, 163 Tex.Cr.R. 139, 289 S.W.2d 582; Reeves v. State, 145 Tex. Cr.R. 208, 167 S.W.2d 176; Wagner v. State, 87 Tex.Cr.R. 47, 219 S.W. 471.

■ Appellant further contends that the conviction for aggravated assault cannot stand because of the prior conviction for false imprisonment arising out of the same transaction and the same evidence. The appellant contends that the Texas doctrine of carving applies.

The rule is found in 1 Branch's Ann.P. C.2d, Section 654, and is as follows:

"The prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once."

In the present case the transaction over a period of some ten to twelve minutes was a single transaction,[1] the evidence was the same, and appellant was convicted of two separate offenses. The record reflects that the conviction for false imprisonment was first.

Although this is raised for the first time on appeal, it will be considered. In Duckett v. State, Tex.Cr.App., 454 S.W.2d 755, there had been a conviction for robbery with a firearm, then a second conviction for assault with intent to murder upon a separate indictment in the same court, on the same day and based on the same evidence reflecting the same act. Even though it was not raised, the Court considered the question of carving on appeal in the interest of justice under Article 40.09, Section 13, Vernon's Ann.C.C.P. There the Court applied the doctrine of carving and dismissed the second conviction.

We hold that the doctrine of carving applies and the court erred, under the circumstances, in trying and allowing two convictions of appellant arising out of the single transaction.

The conviction for false imprisonment in Cause No. 43140 is affirmed and his conviction for aggravated assault in Cause No. 43141 is reversed and the prosecution is ordered dismissed.

MORRISON, J., not participating.

several transactions over an extended period of time.

1. Compare Douthit v. State, (No. 44,266, December 21, 1971), where there were