**Ex parte David OLSON.**

**No. 56714.**

Court of Criminal Appeals of Texas.

Panel No. 3.

Jan. 25, 1978.

---

Before ROBERTS, PHILLIPS and VOL-LERS, JJ.

## OPINION

VOLLERS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner was convicted on his plea of not guilty to a jury of the offense of murder in Cause No. 18207 and was sentenced to a life term of imprisonment on March 12, 1971. Petitioner was also convicted on his plea of guilty to the court of the offense of robbery by assault in Cause No. 18210 and assessed another life term of imprisonment on March 15, 1971. No appeals were taken of these convictions.

Petitioner has filed an application for writ of habeas corpus with the trial court, contending that he has been subjected to double jeopardy by way of a violation of the carving doctrine, since both of the above-mentioned convictions arose out of the same transaction, upon the same victim, at the same time. The trial court, after reviewing the records of the previous convictions, found that the State introduced petitioner's confession at both trials, and that that confession read as follows, to-wit:

"At this time, I took the military type .45 caliber automatic pistol which was given to me by Harmon and walked down to the Seven Eleven Store and went in. The man was behind the Counter, and I told him to take all of the money and put it in a plain paper bag, he did as such and said nothing at all. As he handed me the bag, his hand went down and all I remember is hearing the explosion of the gun in my hand . . . and all I remember after the explosion of the gun was shaking for a moment and then looking over the counter. I turned and took off in a cold scared run."

Under this Court's opinion of *Ex parte Birl*, 545 S.W.2d 169 (Tex.Cr.App.1977) a majority of this Court held that:

"Even if we accept the facts as they are recited in the confession, we cannot agree with the State's interpretation of the evidence that the offense of robbery was complete when petitioner took the money and the act of standing in the doorway interrupted the transaction so that the murder was a separate assault . . . the time sequence of events was continuous and did not break the chain of antecedent violence perpetrated upon the complaining witness so as to give rise to the inception of another separate and distinct offense."

Under *Ex parte Birl*, petitioner is entitled to relief based upon the evidence as shown by petitioner's confession. See also, *Hawkins v. State*, 535 S.W.2d 359 (Tex.Cr.App. 1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976); *Ex parte Farris*, 538 S.W.2d 134 (Tex.Cr.App.1976); *Ex parte Thomas*, 538 S.W.2d 622 (Tex.Cr.App.1976); *Ex parte Prince*, 549 S.W.2d 753 (Tex.Cr. App.1977). Cf. *Lamberson v. State*, 509 S.W.2d 328 (Tex.Cr.App.1974). We conclude that the prosecution for robbery by assault in Cause No. 18210, the subsequent conviction, should have been barred under the carving doctrine.

For the reasons stated, the writ of habeas corpus is granted and the conviction for robbery by assault in Cause No. 18210 is hereby ordered reversed and dismissed.