**Ex parte Isreal WILLIAMS.**

**No. 58644.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P.

On January 23, 1978 the petitioner filed his habeas corpus application with the convicting court alleging, among other things, that on October 23, 1972 he entered guilty pleas to murder in Cause No. C–71–227–NK and to robbery by assault with firearms in Cause No. C–71–226–NK and was assessed sixty (60) years' imprisonment in each case. He contended that the murder and the robbery convictions arose out of the same transaction and were the result of a continuous and uninterrupted assaultive transaction directed at a single victim in the same place at the same time, see *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr.App.1970), and that the doctrine of carving was violated.

The judge of the convicting court, who was the trial judge at the time of the guilty pleas, found that petitioner's allegations were correct, and that the robbery conviction should be set aside as the guilty plea in the murder case was entered and accepted first. Included in the record are the indictments, the transcription of the court reporter's notes, the judgments and the sentences, which support the petitioner's allegations and the court's findings. The record was forwarded to this court. The cause was filed and set for submission solely on the allegations described above.

Upon our review, we conclude that the trial court's findings are supported by the evidence and petitioner is entitled to the relief prayed for. *Duckett v. State, supra; Price v. State,* 475 S.W.2d 742 (Tex.Cr.App. 1972); *Ex parte Calderon,* 508 S.W.2d 360 (Tex.Cr.App.1974); *Ex parte Evans,* 530 S.W.2d 589 (Tex.Cr.App.1975); *Ex parte Olson,* 560 S.W.2d 688 (Tex.Cr.App.1978). The robbery conviction in C–71–226–NK is set aside.

It is so ordered.[1]

---

1. A copy of this opinion will be sent to the Texas Department of Corrections.