**Ex parte Ronnie Lawrence HARRIS.**

**No. 61630.**

Court of Criminal Appeals of Texas, En Banc.

July 3, 1979.

Richard J. Jauma, Huntsville, Richard L. Griffin, Denton, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a post-conviction felony habeas corpus application brought pursuant to Article 11.07, V.A.C.C.P.

On January 26, 1973,[1] petitioner entered pleas of guilty and was convicted and sentenced in causes number C–72–7766–MHN and C–72–7767–MHN in the 195th Judicial District Court of Dallas County. The conviction in cause C–72–7766–MHN was for assault with intent to commit robbery, and punishment was assessed at ten years. The other conviction was for murder and punishment was assessed at forty years. The conviction for the assault with intent to commit robbery occurred before the murder conviction. No appeal was taken in either case. Petitioner challenges the murder conviction as a violation of the carving doctrine and the double jeopardy protections of the United States and Texas Constitutions.

In *Ex parte Calderon,* Tex.Cr.App., 508 S.W.2d 360, the Court wrote:

"Under the doctrine of carving, if a continuous assault is made on the same person in the same transaction, the State can carve but one conviction out of the event. See 1 Branch's Ann.P.C., 2nd ed., Sec. 654, p. 625.

"In *Duckett v. State,* 454 S.W.2d 755 (Tex.Cr.App.1970), this Court stated:

" 'The inhibition against double jeopardy is determined by the facts and circumstances and not by the name of the offense. The record before us in the case at bar portrays a definite illustration of the application of the principle that when one has been convicted, the State cannot, upon the same evidence, again convict him of the same act. The proof is conclusive that in appellant's conviction for assault to murder he was convicted of the same transaction and upon the same evidence as that upon which he was earlier convicted of the offense of robbery by assault with a firearm.' "

In the instant case, the two offenses were committed against the same person. Petitioner and another entered a liquor store to commit a robbery. When they pulled their guns on the victim, he fled and was shot. This was the basis for both convictions. This was a continuous assault on the same person in a single transaction. Compare these facts with those presented in *Ex parte Olson,* Tex.Cr.App., 560 S.W.2d 688; *Ex parte Birl,* Tex.Cr.App., 545 S.W.2d 169; *Ex parte Jewel,* Tex.Cr.App., 535 S.W.2d 362. Cf. *Lamberson v. State,* 509 S.W.2d 328.

Because petitioner was first convicted in cause number C–72–7766–MHN, the subsequent conviction in cause C–72–7767–MHN was barred under the double jeopardy clauses of the United States and Texas Constitutions. Petitioner's conviction in cause C–72–7767–MHN in the 195th Judicial District Court of Dallas County is therefore declared void and set aside, and petitioner is ordered discharged from any further confinement pursuant to that void conviction. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.

1. The judgments and sentences reflect different dates for the two convictions, but the transcribed court reporter's notes from the proceeding reflect they were had on the same date. In either event, the same sequence is reflected.