Robert Huttash, State's Atty., Austin, for the State.

**Ex parte Tony H. RODRIGUEZ.**

**No. 64507.**

Court of Criminal Appeals of Texas, En Banc.

July 2, 1980.

OPINION

PHILLIPS, Judge.

This is an application for a writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

On November 1, 1973 petitioner entered a guilty plea and was convicted of murder with malice in Cause No. 988 in the 36th District Court of Aransas County. On the same date and in the same court petitioner entered a guilty plea and was convicted in Cause No. 989 of robbery by firearms. Petitioner urges in his application that Cause No. 988 is invalid because it violates the carving doctrine and constitutes double jeopardy. We agree and grant relief.

In response to petitioner's application the State agreed that the two convictions arose from the same transaction and that the conviction in No. 988 constituted double jeopardy. In addition, the trial court filed findings of fact that both Nos. 988 and 989 stem from "a continuous assault on the same person in the same transaction." Upon holding an evidentiary hearing the court also found that petitioner entered his guilty plea in No. 989 before he entered his plea in No. 988. The court concluded that the conviction in No. 988 is invalid.

It appears from the record that there are no controverted or previously unresolved facts material to the legality of petitioner's

---

confinement. Art. 11.07(2)(c), V.A.C.C.P. The State has conceded, and the trial court has found, that the offense in No. 988 arose from the same assault as the offense in No. 989. They also agree, and the evidence developed at the hearing indicates, that the conviction in No. 988 was obtained subsequent to the conviction in No. 989. Under the authority of *Ex parte Harris*, 583 S.W.2d 419 (Tex.Cr.App.1979), we conclude that the conviction in No. 988 violated the carving doctrine and constituted double jeopardy. See also *Ex parte Calderon*, 508 S.W.2d 360 (Tex.Cr.App.1974).

The conviction in Cause No. 988 is set aside, and petitioner is ordered discharged from any further confinement pursuant to that conviction. A copy of this opinion will be sent to the Texas Department of Corrections.