632 S.W.2d 594 (1980)
Ex parte Curtis MIKE.
No. 64758.
Court of Criminal Appeals of Texas.
November 12, 1980.
On Rehearing May 12, 1982.
Robert Huttash, State's Atty., Austin, for the State.
Before the court en banc.

*595 OPINION
ONION, Presiding Judge.
This is a post-conviction felony habeas corpus application brought pursuant to Article 11.07, V.A.C.C.P.
Petitioner was convicted on his pleas of guilty of the offenses of robbery by fire-arms in Cause No. 120,922. Punishment was assessed at 45 years' imprisonment in the Texas Department of Corrections in each case. No appeals were taken from these convictions.
In his application for habeas corpus relief, Petitioner contends that the conviction for robbery by firearms and the conviction for murder with malice are violative of the Texas carving doctrine and the Double Jeopardy Protections of the United States and Texas Constitutions.
Pursuant to this court's orders of March 26, 1980 and May 28, 1980, and evidentiary hearing was conducted in the trial court and the findings of fact and conclusions of law by the trial judge have been forwarded to this court.
The trial court found that Petitioner entered his pleas in both the murder with malice and the robbery by firearms cases on September 12, 1976, and that the conviction in each of these cases arose from the same transaction, that each offense occurred on the same day, and that the victim in each case was the same.
The trial court also found as a matter of fact that Petitioner's conviction in Cause No. 120,922 for the offense of murder with malice was entered first.
We have reviewed the record of the evidentiary hearing and adopt the findings of the trial court.
IT IS THEREFORE ORDERED that Petitioner's conviction for the offense of robbery by firearms in Cause No. 120,023 in the 180th Judicial District Court of Harris County is declared void and set aside, and Petitioner is ordered discharged from any further confinement pursuant to that void conviction. Ex parte Harris, 583 S.W.2d 419 (Tex.Cr.App.1979); Orosco v. State, 590 S.W.2d 121 (Tex.Cr.App.1979).
A copy of this opinion will be sent to the Texas Department of Corrections.
IT IS SO ORDERED.
DOUGLAS, ODOM, DALLY, and W. C. DAVIS, JJ., dissent.

OPINION ON THE STATE'S MOTION FOR REHEARING
DALLY, Judge.
On original submission this Court granted habeas corpus relief and reversed the judgment of conviction on the ground that it was obtained in violation of the carving doctrine. This court has now abandoned the carving doctrine in Ex parte McWilliams (No. 64,508, delivered May 12, 1982). We have thus considered the State's Motion for Rehearing and order the relief denied.
Since we have abandoned the carving doctrine, we will determine the double jeopardy implication of successive prosecutions by applying the offense defining test set forth by the Supreme Court in Blockburger v. United States, 284 U.S. 2991, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The Blockburger rule will not preclude the multiple convictions here. Robbery by firearms and murder with malice are clearly separate offenses: conviction of each offense requires proof of an additional fact which the other does not. See V.T. C.A. Penal Code, Secs. 29.03 and 19.03.
Since there is no double jeopardy violation in the two convictions herein, the State's Motion for Rehearing is granted; habeas corpus relief is denied.
It is so ordered.
ONION, P. J., and ROBERTS and TEAGUE, JJ., dissents, as they did in Ex parte McWilliams (Tex.Cr.App. No. 64,508. May 12, 1982) (Roberts, J., dissenting).
CLINTON, Judge, dissenting.
For the reasons stated in my dissenting opinion in Ex parte Stephen McWilliams, *596 No. 64,508, this day decided, I respectfully dissent.