NO. 07-05-0282-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 25, 2007


______________________________




JARED DANIEL LITTRELL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 50,983-B; HON. JOHN BOARD, PRESIDING


_______________________________



Memorandum Opinion


________________________________



Before QUINN, C.J., HANCOCK, J., and BOYD, S.J. (1)

 Jared Daniel Littrell appeals his convictions for murder, aggravated robbery, and
unlawful possession of a firearm by a felon. Through five issues, he contends that 1) the
evidence was legally and factually insufficient to support any of the convictions, 2) the
convictions violated his right to be free of double jeopardy, 3) the trial court erred in
admitting evidence of an extraneous offense, and 4) the trial judge should have recused
himself. We affirm the judgment. 

Background


 On the night of November 9, 2003, Eric Seuss picked up Kissy Stiger, a prostitute,
on Amarillo Boulevard and took her to his motel room at the Executive Inn in Amarillo
where they engaged in sex. Seuss then drove Kissy back to the Inn of Amarillo. After
using cocaine with one of her friends, Kissy went looking for another customer. She
encountered her friend Anthony Gilbreath, and they agreed to obtain more drugs after he
retrieved his car. While waiting on Gilbreath, appellant, who was driving a loud, older two-toned Chevy pickup truck with a hood ornament of a bulldog, approached Kissy and asked
where he could obtain cocaine. Kissy entered the truck, and the two proceeded to drive
away. While doing so, they passed Gilbreath and stopped so he too could get in. Around
that time, Kissy noticed that appellant had a small gun that fit into the palm of his hand. Kissy, appellant, and Gilbreath drove around town making several purchases of
cocaine. Thereafter, appellant asked if there was anyone they could "jack" or rob. Kissy
told him of Seuss who she knew had a large amount of money. They then drove to the
Executive Inn to accost him.

 According to the record, appellant and Kissy climbed the stairs to Seuss' room, at
which point Kissy tried to persuade Seuss to open the door. Thereafter, appellant forced
his way into the room and began to fight with Seuss. During the brawl, Kissy grabbed
Seuss' wallet, ran from the room, and left the area. Eventually, appellant attempted to flee
as well. As he did, Seuss followed. At that point, a gunshot rang out, a .22 caliber bullet
struck Seuss in the abdomen, and he fell down a set of stairs outside his room. Appellant
then ran to his truck and left. The wound suffered by Seuss proved fatal. 

 One or more of the hotel guests heard an argument between several men and a
woman shortly before the shooting. So too did one or more hear the shooting and see
Kissy and a white man wearing a hood flee. The hooded man was also seen entering a
two-toned Chevy pickup, which truck had a bulldog ornament on it much like that of
appellant's. And, while none of the bystanders testified that they saw a gun, appellant was
known to own a .22 caliber handgun small enough to fit within the palm of his hand. Kissy
and Gilbreath saw appellant with it shortly before the shooting while others saw appellant
with it days earlier. 

 Sufficiency of the Evidence

 Appellant questions the legal and factual sufficiency of the evidence supporting his
conviction. His focus lies upon the accomplice witness rule and the circumstantial nature
of the case. Simply put, he believes that the only evidence of his guilt was provided by
accomplices, and there existed no independent evidence sufficient to corroborate that
accomplice testimony. We overrule the points.

 It is true that a defendant cannot be convicted upon the testimony of an accomplice
unless it is corroborated by other evidence. Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005). In assessing whether this rule was satisfied, we eliminate the accomplice
testimony from consideration and examine the record to see if any evidence tends to
connect the defendant to the commission of the offense. Solomon v. State, 49 S.W.3d
356, 361 (Tex. Crim. App. 2001). More importantly, the evidence need not directly link the
defendant to the crime or establish his guilt beyond a reasonable doubt. McDuff v. State,
939 S.W.2d 607, 613 (Tex. Crim. App. 1997). It need only tend to connect him to it.

 Irrespective of whether Kissy or Gilbreath were appellant's accomplices, sufficient
independent evidence exists that tends to connect appellant to the crime. It consists of
third parties seeing 1) appellant's two-toned pickup truck with its unique bulldog ornament
in the motel parking lot whereat Seuss was shot, 2) Seuss at the top of the stairwell facing
his assailant who was at the bottom of the stairwell facing Seuss when the shots were
fired, 3) the assailant enter appellant's vehicle and drive away after the shooting, and 4)
appellant with a small .22 caliber handgun several weeks before the shooting. To this, we
add the evidence that Seuss was shot with a .22 caliber firearm. Combined, the sum tends
to connect appellant to the robbery and shooting, and because it does, the purported
accomplice testimony was indeed corroborated and susceptible to consideration by the
jury.

 Next, upon consideration of the accomplice testimony, we find evidence illustrating
that 1) appellant asked Kissy and Gilbreath if they knew anyone they could rob, 2)
appellant journeyed with Gilbreath and Kissy to Seuss' motel room once a robbery plan
was concocted, 3) appellant had a small handgun that fit within his palm, 4) appellant
forcibly entered Seuss' motel room and fought with Seuss while Kissy took Seuss' wallet
and left, 5) appellant was the only member of the group present when the gun play
erupted, 6) Seuss was shot with a bullet of the caliber emitted from appellant's handgun,
and appellant fled the scene. Collectively, the evidence is both legally and factually
sufficient to support appellant's convictions for murder, aggravated robbery, and unlawfully
possessing a firearm under the standards pronounced in Jackson v. Virginia, 443 U.S. 307,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Watson v. State, 204 S.W.3d 404 (Tex. Crim. App.
2006), Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29
S.W.3d 556 (Tex. Crim. App. 2000).

Double Jeopardy


 Next, appellant argues that his conviction for murder required proof of an
aggravated robbery, and, therefore, his conviction for aggravated robbery violated
principles of double jeopardy. He also contends that since possession of a firearm by a
felon is a lesser-included offense of aggravated robbery, his conviction for it similarly
violated concepts of double jeopardy. We overrule the issue.

 With regard to the greater/lesser-included offense issue, we note that the authority
cited by appellant, e.g., Ex parte Rodriguez, 600 S.W.2d 835 (Tex. Crim. App. 1980) and
Ex parte Harris, 583 S.W.2d 419 (Tex. Crim. App. 1979), dealt with convictions arising from
separate causes or proceedings. Since that time, the Court of Criminal Appeals has held
that the same double jeopardy concerns do not arise when the multiple offenses are tried
in one cause. Cervantes v. State, 815 S.W.2d 569, 573-74 (Tex. Crim. App. 1991). The
Cervantes court stated that double jeopardy was not necessarily implicated merely
because the State was required to prove aggravated robbery in order to prove attempted
capital murder. Id. at 574. All depends upon whether each offense has an element
different from the other. Id. at 573. And, that exists here. 

 To prove aggravated robbery as alleged in the indictment, the State had to prove,
among other things, the commission of a theft coupled with aggravating circumstances;
such was not required to prove either murder or a felon in possession of a firearm. To
prove murder, the State had to establish that an act of appellant caused Seuss' death; that
element is missing in both the crimes of aggravated assault and a felon possessing a
firearm. Finally, in establishing the latter crime, the State had to prove appellant was a
felon, and that is not an element of either murder or aggravated robbery. So, the test
espoused in Cervantes was met and no problems with double jeopardy arose. 

 Finally, the United States Supreme Court authorities cited by appellant are also
inapposite. They either dealt with succeeding prosecutions, Harris v. Oklahoma, 433 U.S.
682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) and Illinois v. Vitale, 447 U.S. 410, 100 S.Ct.
2260, 65 L.Ed.2d 228 (1980), or the levying of consecutive sentences. Whalen v. United
States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Neither circumstance was
involved here.

Extraneous Offense


 Appellant next complains of the admission into evidence of the testimony of Billy
and Jessica Cain which showed that he had been in the possession of a small handgun
shortly before the murder of Seuss. He contends the evidence is not relevant to whether
he possessed a handgun on November 9 or 10. We overrule the issue.

 As previously discussed, the evidence of appellant's prior sightings with a .22 caliber
handgun was used to corroborate the testimony of the accomplice witnesses. Evidence
of extraneous offenses is admissible for that purpose. Lawton v. State, 913 S.W.2d 542,
553 n.9 (Tex. Crim. App. 1995), overruled on other grounds by Mosley v. State, 983
S.W.2d 249 (Tex. Crim. App. 1998); Hernandez v. State, 52 S.W.3d 268, 282 (Tex. App.
- Corpus Christi 2001, no pet.). Moreover, because no eyewitnesses other than those who
appellant deemed to be accomplices identified appellant as the assailant, circumstantial
evidence like that at issue here was necessary to tie him to the offense. Finally, a great
amount of time was not spent in developing the evidence in dispute. Thus, we conclude
that the trial court's decision did not evince an instance of abused discretion when tested
against the indicia discussed in Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App.
1991). 

Recusal of Judge


 Finally, appellant claims the trial judge should have recused himself because he
made statements that indicated he was prejudiced against appellant. Apparently those
statements consisted of its "failure to charge the jury concerning Gilbreath's status as an
accomplice witness" and comment that the sentences "should run 'stacked.'" Yet, how
those comments evinced any bias or prejudice or otherwise disqualified the trial judge went
undeveloped; thus we consider them insufficiently briefed. See Billy v. State, 77 S.W.3d
427, 429 (Tex. App.-Dallas 2002, pet. ref'd) (requiring the appellant to provide substantive
analysis). We further note that at least with regard to the allusion to stacking the
sentences, appellant concedes that he was not harmed. Finally, we note that he did not
request any relief or argue that he was entitled to any. Given these circumstances, we
overrule the issue. 

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2006). 



mary Judgment

 De los Santos contends that the trial court abused its discretion in denying his
motion for summary judgment. Generally, appellate courts do not have jurisdiction to hear
denied motions for summary judgment. See Ackerman v. Vordenbaum, 403 S.W.2d 362,
365 (Tex. 1966); Hines v. Comm'n for Lawyer Discipline, 28 S.W.3d 697, 700
(Tex.App.-Corpus Christi 2000, no pet.). De los Santos has failed to identify an exception
to this general rule applicable to the present case nor can we find one. Thus, we conclude
that we have no jurisdiction to review de los Santos's issue regarding the trial court's denial
of his motion for summary judgment.

Issues 6-8: Severance

 Finally, de los Santos contends that the trial court abused its discretion in denying
his motion to sever the Travis and Potts complaints. However, the record reflects that, at
the January 17 hearing, the Commission asked the trial court to allow it to "abandon" the
Travis complaints, which the trial court accepted. De los Santos correctly indicates that,
unless otherwise specified by the requesting party or the court, a non-suit is without
prejudice. See Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962). Neither
party has brought forth an issue regarding the trial court's acceptance of the Commission's
non-suit of the Travis complaints. Consequently, the trial court's denial of the severance
was rendered moot by the subsequent non-suit of the Travis complaints. We cannot and
will not speculate as to whether the Commission will attempt to reassert claims in the
present lawsuit which have been previously dismissed. As the present appeal does not
include the Travis complaints, any comment upon these matters by this court would
constitute an advisory opinion, which is precluded by the Texas Constitution. See Tex.
Const. art. II, § 1; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex.
1993). Thus, we overrule de los Santos's issues relating to the trial court's denial of his
severance motion.



Conclusion

 We reverse the trial court's February 6, 2006 Judgment of Pubic Reprimand and
remand for further proceedings consistent with this opinion.


 Mackey K. Hancock

 Justice






 

1. Further reference to Texas Rules of Professional Conduct will be by reference to
"Rule __."
2. The Commission states that, ". . . while no reference was made specifically to
[Rule] 1.03(b) [in the settlement agreement], there was no other misconduct at issue. . .
. Consequently, the judgment properly included the finding of misconduct and the specific
rule violation."