Juan E. **CERVANTES,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 025–88.

Court of Criminal Appeals of Texas, En Banc.

June 5, 1991.

---

Larry Zinn, on appeal only, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty. and Mario Bordini, Christopher De Martino & Edward F. Shaughnessy, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was charged in separate indictments with the offenses of attempted capital murder and aggravated robbery. The indictments were consolidated into a single trial. The jury found appellant guilty of both offenses and assessed punishment for each offense at ninety-nine years imprisonment. The trial court sentenced appellant to concurrent sentences.

On direct appeal, appellant raised two points of error arguing that the general verdict requirement of Tex.Code Crim.Proc. Ann. art. 37.07 and the Double Jeopardy Clause prohibited the trial court from entering judgment in both cases. The Court of Appeals agreed, and affirmed the attempted capital murder conviction and ordered the conviction for aggravated robbery dismissed. *Cervantes v. State*, 742 S.W.2d 768 (Tex.App.—San Antonio 1988). We granted the State's petition for discretionary review on both of these issues.[1] We will reverse the decision of the Court of Appeals and reinstate the aggravated robbery conviction.

## I. FACTUAL SUMMARY

As the relevant facts are not in dispute we will adopt the factual recitation of the Court of Appeals.

Charles Mikolajczyk, a San Antonio Police Department detective testified:

1) he was working as the off-duty security bank guard;

2) he and a bank teller he was escorting were delivering bags of money through a basement corridor of the bank;

3) appellant attacked them both, causing the teller to flee, leaving Mikolajczyk to struggle with the appellant;

---

1. Specifically the State's Grounds for Review are as follows:

 1. The Court of Appeals erred in holding that this conviction was obtained in violation of Art. 37.07 § 1(a) Tex.Code Crim.Proc.Ann. (Vernon's 1987).

2. The Court of Appeals erred in holding that this conviction was obtained in violation of the Fifth Amendments's prohibition against double jeopardy.

4) appellant first struck Mikolajczyk with a hammer, and then pulled a gun;

5) during the struggle, appellant ripped Mikolajczyk's service pistol from his holster;

6) both guns were discharged during the struggle wounding both Mikolajczyk and appellant;

7) appellant was subdued and handcuffed until help arrived.

*Cervantes v. State*, 742 S.W.2d at 769.

Appellant did not object to the consolidation of the offenses for trial. At the conclusion of the evidence, the trial court prepared and submitted a separate jury charge for each offense; each charge contained a separate verdict for the respective offense.

## II. GROUND FOR REVIEW ONE

The State's first ground for review complains that the Court of Appeals erred in holding that appellant's conviction was obtained in violation of Tex.Code Crim.Proc. Ann. art. 37.07 § 1(a) which provides as follows:

The verdict in every criminal action must be general. When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue.

On direct appeal appellant argued that art. 37.07 § 1(a) authorizes only one conviction and one punishment for multiple offenses arising out of the same transaction. The Court of Appeals agreed, relying primarily on *Milligan v. State*, 733 S.W.2d 664, 667 (Tex.App.—Austin 1987). However, the Court of Appeals did not have the benefit of our opinion in *Milligan v. State*, 764 S.W.2d 802 (Tex.Cr.App.1989). In *Milligan*, the defendant was charged in two separate indictments with the offenses of unauthorized use of a motor vehicle and burglary of a habitation. He was tried and convicted under both indictments in a single trial. We held:

It has long been the rule in this State that where a defendant is faced with multiple pending indictments, those indictments may be consolidated into a single proceeding with the express or implied (by failure to object) consent of the defendant. *Garza v. State*, 687 S.W.2d 325 (Tex.Cr.App.1985), citing *Watson v. State*, 488 S.W.2d 816 (Tex.Cr.App.1972); *Jones v. State*, 480 S.W.2d 623 (Tex.Cr.App.1972); *Royal v. State*, 391 S.W.2d 410 (Tex.Cr.App.1965), and see also *Johnson v. State*, 509 S.W.2d 322 (Tex.Cr.App.1974).

As a result, appellant, in failing to object to the consolidation of the two indictments into a single trial, is deemed to have given his consent. Having consented to a single trial for both indictments, appellant is barred from complaining of the resulting multiple convictions....

*Id.*, 764 S.W.2d at 803.

 Because appellant did not object to the consolidation of the two indictments into a single trial, he is barred from complaining of the resulting multiple convictions. When multiple offenses, whether arising from the same or different transaction, are alleged in separate indictments and consolidated into a single trial with a defendant's express or implied consent, the general verdict requirement of art. 37.07 § 1(a) is not offended by the trial court's receipt of multiple general verdicts. Therefore, we sustain the State's first ground for review.

## III. GROUND FOR REVIEW TWO

In its second ground for review, the State argues the Court of Appeals erred in holding that double jeopardy prohibited the convictions of both attempted capital murder and aggravated robbery.

To address this ground for review, we again adopt a portion of the opinion of the Court of Appeals.

In this case, the appellant was convicted initially of attempted capital murder in that:

... on or about the 12TH day of May, A.D., 1986, ... JUAN E. CERVANTES, hereinafter called defendant, did then and there intentionally and knowingly attempt to cause the death of CHARLES MIKOLAJCZYK, hereinafter called complainant, by

SHOOTING CHARLES MIKOLAJC-ZYK WITH A FIREARM an act amounting to more than mere preparation that tended but failed to effect the commission of the offense of capital murder, having at the time the specific intent to commit the offense of capital murder, and the said complainant was a peace officer acting in the lawful discharge of an official duty, and the said defendant knew the complainant was a peace officer ...

The second charge of which appellant was convicted, was aggravated robbery in that:

... on or about the 12TH day of May, A.D., 1986, JUAN E. CERVANTES, hereinafter called defendant, did then and there intentionally and knowingly threaten and place CHARLES MIKO-LAJCZYK, hereinafter called complainant, in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely: A FIREARM while the same defendant was in the course of committing theft of property, namely: LAWFUL CURRENCY OF THE UNITED STATES OF AMERICA from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property.

The record indicates that the state convicted appellant of the attempted capital murder on the theory that Charles Mikolajczyk, who was the victim of the robbery, was a peace officer "acting in the lawful discharge of an official duty" at the time. TEX.PENAL CODE ANN. § 19.03(a)(1) (Vernon Supp.1987). In view of the fact that Mikolajczyk was off duty at the time of the incident, the state was required to prove the robbery in order to establish Mikolajczyk, an off-duty police officer, had the duty of arresting appellant for the commission of

the robbery in his presence. Indeed, the state conceded as much in its final argument.

... we had to prove in the attempted capital murder that the officer was acting in the lawful discharge of an official duty when he was shot, when the attempted murder was to be perpetrated upon him. You heard the officer's testimony. He's on duty twenty-four hours a day. If he is shopping in the store with his kids and there is a crime committed, he has a duty. He has an obligation because he's on duty even though he's not being paid for it. He has a duty to stop and thwart that crime at the moment *that aggravated robbery arose.* It was incumbent upon him. *It was his duty to stop that crime* which he went about trying to do and ultimately accomplished. (Emphasis added).

We hold that the record clearly establishes that the state proved the attempted capital murder by necessarily proving the aggravated robbery. Therefore, under the circumstances, the aggravated robbery was the "same offense" for purposes of the Double Jeopardy Clause. The second point of error is sustained.

■ The Double Jeopardy Clause of the United States Constitution [2] embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

The Court of Appeals, relying on a line of cases concerning *successive prosecutions,* dismissed the aggravated robbery conviction because it constituted the "same offense" as the attempted capital murder.

---

**2.** The Double Jeopardy Clause of the United States Constitution, applicable to the states through the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23

L.Ed.2d 707 (1969), provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."

*Cervantes,* 742 S.W.2d at 770–71. The State argues that since appellant was tried for the two offenses in a *single trial,* only the third protection is applicable because there was no successive prosecution.

Different concerns are implicated in the successive prosecution context where Double Jeopardy protects an accused from attempts to relitigate the facts underlying a prior acquittal, *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and from attempts to secure additional punishment after a prior conviction and sentence. *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957). Because appellant was subjected to only one trial, *Ashe* and *Green* are not implicated. Therefore, the issue in this cause is limited to whether appellant was subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause.

A rule of statutory construction to determine whether the legislature intended multiple punishments was established by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), wherein the Court held:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.... "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other."

*Blockburger* involved a single trial, where the defendant made *one* drug sale and was convicted of *two* offenses: selling the drug not in its original stamped package and selling the drug not in pursuance of a written order of the purchaser. The Supreme Court held that double jeopardy did *not* prevent the imposition of dual convictions and sentences because each crime involved proof of a fact which the other did not.

■ As the State correctly notes, the two convictions in the instant case pass the *Blockburger* test; that is, the aggravated robbery conviction and the attempted capital murder conviction each require proof of a fact which the other does not. To establish the attempted capital murder, the State had to prove that appellant attempted to intentionally or knowingly cause the death of the victim who was a peace officer acting in the lawful discharge of an official duty and who appellant knew to be a peace officer. Tex.Penal Code Ann. § 19.03(a)(1). Pursuant to the aggravated robbery indictment, the State had to prove that appellant used or exhibited a deadly weapon when he intentionally or knowingly threatened or placed another in fear of bodily injury or death during the course of theft. Tex.Penal Code Ann. § 29.03. A comparison of the two statutes clearly demonstrates that each requires proof that the other does not. However, as the Court of Appeals correctly noted, the State had to prove the aggravated robbery in order for Mikolajczyk, an off duty police officer, to have become "a peace officer acting in the lawful discharge of an official duty."

A similar fact situation arose in *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), where the defendant and his confederates robbed the manager of a supermarket at gun point. In a single trial he was convicted under Missouri law of both robbery in the first degree coupled with a deadly weapon finding and "armed criminal action," which consisted of the commission of any felony where a deadly weapon was used. He was sentenced to ten years imprisonment for the robbery conviction and fifteen years imprisonment for armed criminal action. The Supreme Court held:

> Because respondent has been subjected to only *one trial,* it is not contended that his right to be free from multiple trials for the same offense has been violated. Rather, the Missouri court vacated respondent's conviction for armed criminal action because of the statements of this

Court that the Double Jeopardy Clause also "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076 [23 L.Ed.2d 656] (1969). Particularly in light of recent precedents of this Court, it is clear that the Missouri Supreme Court has misperceived the nature of the Double Jeopardy Clause's protection against multiple punishments. *With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment that the legislature intended.*

*Hunter*, 459 U.S. at 365–66, 103 S.Ct. at 678 (emphasis added).

After analyzing prior case law concerning the application of the *Blockburger* analysis, the Supreme Court concluded that:

[S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, *in a single trial*, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* [*v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)] is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments. [Footnote omitted.]

*Where, as here, a legislature specifically authorized cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose*

*cumulative punishment under such statutes in a single trial.*

*Id.*, 459 U.S. at 368–69, 103 S.Ct. at 679 (emphasis added).

Clearly then, where the same conduct gives rise to two separate offenses, the Double Jeopardy Clause does not prohibit multiple punishments where the legislature authorizes punishment under two statutes. *Ibid.*

To determine whether double jeopardy prohibits multiple punishments which are imposed at one trial, we must determine whether the legislature intended that each violation be a separate offense. *Garrett v. United States*, 471 U.S. 773, 793, 105 S.Ct. 2407, 2418, 85 L.Ed.2d 764 (1985). In *Garrett*, 471 U.S. 773, 105 S.Ct. 2407, the defendant sought double jeopardy protection from prosecution for "continuing criminal enterprise," where facts underlying a prior conviction are offered to prove one of three predicate offenses that must be shown to make out a continuing criminal enterprise violation. The Supreme Court refused to interpret the Double Jeopardy Clause to provide relief under either a theory of successive prosecution or of cumulative sentencing, holding that the protection "does no more than prevent the sentencing court from prescribing greater punishment that the legislature intended." *Garrett*, 471 U.S. at 793, 105 S.Ct. at 2418–19, *citing and quoting, Hunter*, 459 U.S. at 366, 103 S.Ct. at 678; *Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981).

In the case at bar, the attempted capital murder and the aggravated robbery are not the "same offense" pursuant to the *Blockburger* test. Simply because the State was required to prove the aggravated robbery in order to establish that the officer was "in the line of duty" does not negate the legislature's ability to authorize multiple punishments. *Garrett*, 471 U.S. 773, 105 S.Ct. 2407; *Hunter*, 459 U.S. 359, 103 S.Ct. 673. The Double Jeopardy Clause is not implicated merely because the State was required to prove the aggravated robbery in both cases.[3]

___

3. This holding is consistent with our holding in

*Ex parte Herron*, 790 S.W.2d 623 (Tex.Cr.App.

The judgment of the Court of Appeals is reversed, and because there were no other points of error raised in the Court of Appeals, the judgments of the trial court are affirmed.

CLINTON, J., dissents.

MALONEY, J., concurs in the result.

---

1990), wherein we held that double jeopardy did not preclude multiple convictions, in a single trial, for both aggravated kidnapping and aggravated robbery, where the robbery was established in both offenses. Therein we held that "regardless of whether the evidentiary facts are the same in each offense as to the robbery allegations, our opinion would be the same." *Id.,* 790 S.W.2d at 625 n. 1.