**Louis Ray GARNER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. C14–92–00684–CR,**
**C14–92–00688–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1993.

**688**

George McCall Secrest, Jr., Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

In a single trial, a jury found appellant guilty of aggravated kidnapping and burglary of a habitation. Appellant pled true to two enhancement paragraphs, and the trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for fifty years for each conviction. The trial court ordered the sentences to run concurrently. Appellant challenged each conviction, and this court ordered both cases and cause numbers consolidated for purposes of appeal. In two points of error, appellant claims he was impermissibly convicted and punished for the two offenses. We affirm.

Appellant contends his convictions, and the punishments assessed for both offenses violate the Double Jeopardy clauses of the Fifth Amendment to the United States Constitution, and Art. 1, § 14 of the Texas Constitution. Although both of appellant's points of error rely on the United States and Texas Constitution for support, he has not asserted a distinction between the applicable provisions of either constitution because he did not separate the federal and state issues into separate grounds for relief. Therefore, this court will presume none. *See Heitman v. State*, 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App.1991); *McCambridge v. State*, 712 S.W.2d 499, 501–02 n. 9 (Tex.Crim.App.1986).

█ The Double Jeopardy Clause of the United States Constitution, as applied by both the U.S. supreme court and the court of criminal appeals, embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Cervantes v. State*, 815 S.W.2d 569, 572 (Tex. Crim.App.1991) (citing *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). Appellant was only subjected to one trial for both offenses. He was not subjected to a trial after a prior acquittal nor after a prior conviction. Therefore, only the protection against successive punishments applies. *Cervantes*, 815 S.W.2d at 573. Appellant was not impermissibly convicted of both offenses. Appellant's first point of error is overruled.

In cases of multiple punishments, a rule of statutory construction is used to determine whether the legislature intended multiple punishments. *Id.* Where an act or transaction results in the violation of two distinct statutory provisions, the court must determine whether there is truly two offenses or only one. If each provision requires the proof of an additional fact which the other does not, then multiple punishments does not violate double jeopardy. *Id.* (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). The court of criminal appeals said, "where the same conduct gives rise to two separate offenses, the Double Jeopardy Clause does not prohibit multiple punishments where the legislature authorizes punishment under two statutes." *Id.* at 574 (citations omitted).

Appellant concedes that using *Blockburger,* "both offenses were not the 'same' in the sense that each requires proof of an element that the other does not...." Appellant, citing *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), claims this court must also determine whether the state had to prove one offense as an essential element of the other offense. His reliance on *Grady* is misplaced. *Grady* involved successive prosecutions for the same offense. The *Grady* analysis does not apply to multiple punishments.

Appellant conceded that each of the two offenses requires proof of an element that the other does not, therefore, the punishments assessed by the trial court were not in violation of the United States or Texas Double Jeopardy Clauses. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.