NO. 07-03-0157-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 2, 2003


______________________________



IN RE LAWRENCE HIGGINS
,




 Relator


 ______________________________ 


 ORIGINAL PROCEEDING

 _______________________________


Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before this court is a pro se motion for writ of mandamus seeking that we
compel "the 251st [D]istrict Court to proceed with operation of law in the cause #50,468-6." 
The latter cause apparently involves a lawsuit against the Randall County Sheriff's
Department. Furthermore, we construe this as a request to order the Hon. Patrick Pirtle,
Judge of the 251st District Court in Randall County, to rule on relator Lawrence Higgins's
allegedly pending motions "to appoint an expert investigator" and "to refer [the] action to
trial by jury." We deny the motion for the following reasons.

 First, Higgins failed to accompany his petition with the requisite filing fee or an
affidavit of indigence. (2) When a party seeks to invoke the jurisdiction of this court through
a notice of appeal, an affidavit of indigence is required of one who cannot pay the costs
in the appellate court. Tex. R. App. P. 20.1. This rule is no less applicable in actions for
writs of mandamus, and we are not required to rule on matters without a proper showing
of indigence. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001) (orig.
proceeding). 

 Second, the petition does not comply with the applicable rules of appellate
procedure. That is, Higgins failed to verify the factual statements in his petition and to
incorporate a table of contents, an index of authorities, a statement of the case, statement
of jurisdiction, a statement of the issues presented, a statement of facts, or a section
developing his argument. (3) Tex. R. App. P. 52.3. Also missing is an appendix including,
among other things, a "certified or sworn copy of . . . [the] document[s] showing the matter
complained of." Id. In this case, those requisite documents would be, at the very least,
the motions upon which he seeks a ruling. 

 Finally, a trial court does not abuse its discretion until the complainant establishes
that the court had a legal duty to perform a non-discretionary act, was asked to perform
the act, and failed or refused to do so. O'Connor v. First Court of Appeals, 837 S.W.2d 94,
97 (Tex. 1992). Application of this rule would require Higgins to illustrate that the trial
court was aware of the motions. However, we have nothing before us showing that the
trial court knew of them. Nor can we impute such knowledge simply because they may
have been filed with the district clerk. See In re Chavez, 62 S.W.3d at 222 (stating that
we know of no rule which imputes the clerk's knowledge to the trial court). 

 For these reasons, we deny, without prejudice, the petition for writ of mandamus.


 Brian Quinn

 Justice 













 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Higgins asserts in his petition that he has filed a "civil action claims suit." Further, the address on
his letter to this court indicates that he is incarcerated. We therefore assume that he has filed an affidavit
of indigence in the trial court, but we have no record before us to show that fact.
3. A pro se litigant is required to comply with the rules of appellate procedure. Holt v. F. F.
Enterprises, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied). 



nt to support appellant's convictions for murder, aggravated robbery, and unlawfully
possessing a firearm under the standards pronounced in Jackson v. Virginia, 443 U.S. 307,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Watson v. State, 204 S.W.3d 404 (Tex. Crim. App.
2006), Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29
S.W.3d 556 (Tex. Crim. App. 2000).

Double Jeopardy


 Next, appellant argues that his conviction for murder required proof of an
aggravated robbery, and, therefore, his conviction for aggravated robbery violated
principles of double jeopardy. He also contends that since possession of a firearm by a
felon is a lesser-included offense of aggravated robbery, his conviction for it similarly
violated concepts of double jeopardy. We overrule the issue.

 With regard to the greater/lesser-included offense issue, we note that the authority
cited by appellant, e.g., Ex parte Rodriguez, 600 S.W.2d 835 (Tex. Crim. App. 1980) and
Ex parte Harris, 583 S.W.2d 419 (Tex. Crim. App. 1979), dealt with convictions arising from
separate causes or proceedings. Since that time, the Court of Criminal Appeals has held
that the same double jeopardy concerns do not arise when the multiple offenses are tried
in one cause. Cervantes v. State, 815 S.W.2d 569, 573-74 (Tex. Crim. App. 1991). The
Cervantes court stated that double jeopardy was not necessarily implicated merely
because the State was required to prove aggravated robbery in order to prove attempted
capital murder. Id. at 574. All depends upon whether each offense has an element
different from the other. Id. at 573. And, that exists here. 

 To prove aggravated robbery as alleged in the indictment, the State had to prove,
among other things, the commission of a theft coupled with aggravating circumstances;
such was not required to prove either murder or a felon in possession of a firearm. To
prove murder, the State had to establish that an act of appellant caused Seuss' death; that
element is missing in both the crimes of aggravated assault and a felon possessing a
firearm. Finally, in establishing the latter crime, the State had to prove appellant was a
felon, and that is not an element of either murder or aggravated robbery. So, the test
espoused in Cervantes was met and no problems with double jeopardy arose. 

 Finally, the United States Supreme Court authorities cited by appellant are also
inapposite. They either dealt with succeeding prosecutions, Harris v. Oklahoma, 433 U.S.
682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) and Illinois v. Vitale, 447 U.S. 410, 100 S.Ct.
2260, 65 L.Ed.2d 228 (1980), or the levying of consecutive sentences. Whalen v. United
States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Neither circumstance was
involved here.

Extraneous Offense


 Appellant next complains of the admission into evidence of the testimony of Billy
and Jessica Cain which showed that he had been in the possession of a small handgun
shortly before the murder of Seuss. He contends the evidence is not relevant to whether
he possessed a handgun on November 9 or 10. We overrule the issue.

 As previously discussed, the evidence of appellant's prior sightings with a .22 caliber
handgun was used to corroborate the testimony of the accomplice witnesses. Evidence
of extraneous offenses is admissible for that purpose. Lawton v. State, 913 S.W.2d 542,
553 n.9 (Tex. Crim. App. 1995), overruled on other grounds by Mosley v. State, 983
S.W.2d 249 (Tex. Crim. App. 1998); Hernandez v. State, 52 S.W.3d 268, 282 (Tex. App.
- Corpus Christi 2001, no pet.). Moreover, because no eyewitnesses other than those who
appellant deemed to be accomplices identified appellant as the assailant, circumstantial
evidence like that at issue here was necessary to tie him to the offense. Finally, a great
amount of time was not spent in developing the evidence in dispute. Thus, we conclude
that the trial court's decision did not evince an instance of abused discretion when tested
against the indicia discussed in Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App.
1991). 

Recusal of Judge


 Finally, appellant claims the trial judge should have recused himself because he
made statements that indicated he was prejudiced against appellant. Apparently those
statements consisted of its "failure to charge the jury concerning Gilbreath's status as an
accomplice witness" and comment that the sentences "should run 'stacked.'" Yet, how
those comments evinced any bias or prejudice or otherwise disqualified the trial judge went
undeveloped; thus we consider them insufficiently briefed. See Billy v. State, 77 S.W.3d
427, 429 (Tex. App.-Dallas 2002, pet. ref'd) (requiring the appellant to provide substantive
analysis). We further note that at least with regard to the allusion to stacking the
sentences, appellant concedes that he was not harmed. Finally, we note that he did not
request any relief or argue that he was entitled to any. Given these circumstances, we
overrule the issue. 

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn 

 Chief Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2006).