NUMBER
13-03-335-CR AND 13-03-336-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

REIDIE JACKSON,                                                                            Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 130th
District Court

                                      of
Matagorda County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








            Appellant, Reidie Jackson, was
convicted of burglary of a habitation[1]
and aggravated robbery.[2]  Jackson was assessed thirty years= imprisonment and a fine of $5,000 for the burglary
and forty-two years= imprisonment and a fine of $5,000 for the
aggravated robbery.  He now appeals his
convictions in three issues: (1) the evidence was insufficient to link
appellant to either offense, (2) appellant=s conviction for two offenses  resulting from a single act placed him in
double jeopardy, and (3) the trial court erred in allowing hearsay
testimony.  We affirm.

Sufficiency

By his first issue, appellant argues that if the
testimony from his purported accomplices is disregarded, the remaining evidence
is insufficient to link appellant with 
either offense.   Appellant does
not specify whether he is challenging the evidence on legal or factual
sufficiency grounds.  In his prayer for
relief, however, appellant specifically requests reversal and acquittal under
this issue. Because acquittal is only appropriate when a legal sufficiency
challenge is sustained, we will review the evidence under a legal sufficiency
standard.  See Loredo v. State,
130 S.W.3d 275, 278 (Tex. App.BHouston [14th Dist.] 2004, pet. ref=d).  When
reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict, asking whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000). The jury, as trier of fact, is entitled to
resolve any conflicts in the evidence, to evaluate the credibility of
witnesses, and to determine the weight to be given any particular evidence.
See Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).








Appellant asserts that without the accomplice
testimony implicating him, there is insufficient evidence to convict him of
either offense.  He cites to article
38.14 of the code of criminal procedure, which states that A[a] conviction cannot be had upon the testimony of
an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient
if it merely shows the commission of the offense.@  Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 1979).  Testimony from an accomplice Amust be viewed with caution and carefully
scrutinized,@ see Paulus v. State, 633 S.W.2d 827, 843
(Tex. Crim. App. 1981), and must be coupled with other corroborative evidence
to support a conviction.  See Wincott
v. State, 59 S.W.3d 691, 698 (Tex. App.BAustin
2001, pet. ref=d).   That
corroborative evidence, however, need not directly link the defendant to the
crime or be sufficient in itself to establish guilt beyond a reasonable
doubt.  See McDuff v.State, 939
S.W.2d 607, 612 (Tex. Crim. App. 1997); Gonzalez v. State, 115 S.W.3d
278, 282 (Tex. App.BCorpus Christi 2003, pet. ref=d).  There
must simply be some non‑accomplice evidence which tends to connect
appellant to the commission of the offense alleged in the indictment.  McDuff, 939 S.W.2d at 613.  All of the surrounding facts and
circumstances may be looked to for corroboration, and the corroborative
evidence may be circumstantial or direct. 
Gonzalez, 115 S.W.3d at 282. 
It is not necessary that the accomplice testimony be corroborated on
every element of the offense.  Vasquez
v. State, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001). 








Reviewing the evidence in the light most favorable
to the verdict we find the following: John Scholten awoke in the middle of the
night to discover two armed and masked male trespassers in his home in
Matagorda, Texas.  These men attacked
Scholten and forced him to open his gun safe. 
They took his collection of guns and $1100 in cash, and fled in a Ford
Explorer driven by a female accomplice. 
During the ensuing police chase, all three occupants of the Explorer
jumped from the vehicle and climbed through a barbed-wire fence into an open
field.  One of the men was apprehended a
few minutes later.  The driver of the
vehicle eluded police by hiding in the field until daylight, at which time she
was located and arrested.  The two
captured accomplices, when questioned individually, each identified appellant
as the second masked intruder.  Two gold
rings and a man=s watch belonging to appellant were found in the
abandoned Ford Explorer, along with most of the weapons stolen from
Scholten.  A keychain that contained a
key for an automobile registered to appellant as well as a ABlockbuster Rewards@ video
rental card for which appellant was a registered user was also found with the
jewelry in the Explorer.  In addition, a
non-accomplice witness testified that she had seen appellant riding in the Ford
Explorer earlier on the day of the home invasion robbery   

Appellant was apprehended the next day after fleeing
from police in Bay City, Texas.  When
caught, he was found to be covered in fresh scratches and holding several
hundred dollars in cash.  Appellant
claimed to have been at a mall in the Dallas area at the time of the robbery,
but admitted on the stand that he had asked his girlfriend to lie about his
whereabouts and provide him with a false alibi, which she had refused to do.

We conclude that the jury could have reasonably
found the non-accomplice evidence sufficiently corroborative of the accomplice
testimony, and the entirety of the evidence produced at trial was legally
sufficient to support appellant=s conviction on both counts.  See Gonzalez, 115 S.W.3d at 283.  Appellant=s first
issue is overruled.  

 

Double Jeopardy








By his second issue, appellant argues that because
he was convicted of two offenses that involve identical criminal elements, he
was placed in double jeopardy in violation of his constitutional rights.  His brief notes, AAppellant is aware of the present state of the law
on this issue, but would respectfully invite the Court to revisit this issue.@  

The present state of the law on this issue, as
appellant points out, has been enunciated by the court of criminal appeals in Cervantes
v. State, 815 S.W.2d 569, 573 (Tex. Crim. App. 1991): 

The applicable rule is that, where the same act or
transaction constitutes a violation of two distinct statutory provisions, the
test to be applied to determine whether there are two offenses or only one is
whether each provision requires proof of an additional fact which the other
does not. . . .  A single act may be an
offense against two statutes; and if each statute requires proof of an
additional fact which the other does not, an acquittal or conviction under
either statute does not exempt the defendant from prosecution under the other.

 

Id.
(citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). The two
offenses with which appellant was charged, aggravated robbery and burglary of a
habitation, both involve theft, but also require proof of additional facts, and
therefore pass the Cervantes test for double jeopardy.  The charge of burglary of a habitation
required proof of entry into a habitation. 
See Tex. Pen. Code Ann.
' 30.02.  The
aggravated robbery charge did not require such proof, but did require evidence
that appellant used or exhibited a deadly weapon or placed a senior citizen in
fear of imminent bodily injury or death. 
See Tex. Pen. Code Ann.
' 29.03. 








We conclude that under the law established by the
court of criminal appeals, appellant was not placed in double jeopardy by
having to face charges for both these offenses, see Cervantes, 815
S.W.2d at 573, and as we are bound by the precedent established by the higher
courts of the state, we decline appellant=s request to Arevisit the issue.@  See Wiley v. State, 112 S.W.3d 173, 175
(Tex. App.BFort Worth 2003, pet. ref=d).  Appellant=s second issue is overruled.

Hearsay Testimony

By his third issue, appellant argues that the trial
court erred when it overruled his hearsay objection to the testimony of Bruce
Page, a police investigator, at two points during the trial.  

An appellate court reviewing a trial court's ruling
on the admissibility of evidence must utilize an abuse‑of‑discretion
standard of review.  See Epps v. State,
24 S.W.3d 872, 879 (Tex. App.BCorpus Christi 2000, pet. ref=d).  Hearsay
is a statement other than one made by the declarant while testifying at the
trial or hearing offered in evidence to prove the truth of the matter asserted.
 Tex. R. Evid. 801(d). Hearsay is not
admissible except as provided by statute or the rules of evidence.  Tex.
R. Evid. 802. 

Appellant first complains about the following
exchange at trial: 

State:
 You have spoken with Mr. Grice?

Page: Yes

State:              And did Mr. Grice tell you that he
had B

Appellant:       Objection, that=s hearsay.

State:              Did Mr. Grice tell you anything
about this case?

Page:              Not related to this case, no.








To
preserve error for appellate review, the record must show that (1) the
complaining party made 

a timely and specific request, objection, or motion;
and (2) the trial judge either ruled on the request, objection, or motion
(expressly or implicitly), or he refused to rule and the complaining party
objected to that refusal.      See Tex. R. App. P. 33.1.  Here, we see that appellant objected to the
hearsay testimony, but the trial court failed to express a ruling on this
objection, and when the question was repeated, appellant did not renew his
objection.  Having allowed the same question
and answer to come in as evidence without objection, appellant has waived the alleged
error.  See Mendoza v. State, 69
S.W.3d 628, 633 (Tex. App.BCorpus Christi 2002, pet. ref=d) (A[T]he admission of the hearsay evidence was rendered
harmless by the introduction of the same or similar evidence without objection.@).                           

The second exchange complained of involved the same
witness, Page, being questioned regarding a conversation he had with a woman
named Ray Hobbs about appellant=s whereabouts on the day of the home invasion
robbery.  Appellant requested a running
objection as to hearsay which the trial court denied.  Appellant also objected to Page=s testimony about his conversation with Hobbs which
the trial court overruled.  








Although he successfully preserved his complaint on
appeal regarding this portion of Page=s testimony, appellant has failed to demonstrate
that any harm resulted from this allegedly erroneous ruling by the trial
court.  See Tex. R. App. P. 44.2(b); Simpson v.
State, 119 S.W.3d 262, 269 (Tex. Crim. App. 2003) (A[W]e need not decide the issue of the statements'
admissibility [for hearsay] because any error in the admission of the
statements did not contribute to the appellant's conviction.@).  Page had
testified about a series of conversations he had with various people who knew
appellant and could possibly account for his whereabouts on the day in
question.  None of them, including Hobbs,
was able to confirm whether appellant had been in the Dallas area on the day in
question.    Appellant himself admitted
that he had tried to convince his girlfriend to lie and say that he had been
with her on the day of the robbery, and although he claimed to have actually
been in Dallas with another woman, this woman could never be located.  

We conclude that appellant failed to demonstrate
harm resulting from Page=s testimony.  See
Simpson, 119 S.W.3d at 269. 
Accordingly, we overrule his third issue.

Conclusion

The judgment of the trial court is affirmed.

 

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not Publish.

Tex. R. App. P. 47.2 (b) 

 

 

Memorandum Opinion delivered and filed

this 4th day of August, 2005.











[1]See Tex. Pen.
Code Ann. ' 30.02 (Vernon 2003).





[2]See Tex.
Pen. Code Ann. ' 29.03 (Vernon 2003).